UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X

MARIA HIDALGO, as Parent and Natural Guardian of L.S., *et al.*

                *Plaintiffs*,

-against-

MEISHA PORTER, in her Official Capacity as Chancellor of the New York City Department of Education, and THE NEW YORK CITY DEPARTMENT OF EDUCATION,

                *Defendants*.

------------------------------------------------------------------- X

21-CV-10794 (JGK)

**PROPOSED JUDGMENT**

**WHEREAS,** Plaintiffs are seven parents or legal guardians of five children who commenced this action with the filing of a complaint and an accompanying application for a preliminary injunction on December 16, 2021, seeking to enforce six administrative orders under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400 *et seq.*, requiring the New York City Department of Education ("DOE") to provide, *inter alia*, funding (either via direct payment or reimbursement) for private school tuition and transportation costs associated with the childrens' respective unilateral placements at the International Institute for the Brain (a private school commonly referred to as "iBRAIN") and attorneys' fees. *See* ECF Nos. 1, 4-5.

**WHEREAS,** on February 1, 2022, the Court denied Plaintiffs' application for a preliminary injunction (ECF No. 33).

**WHEREAS,** by December 15, 2022, DOE had fully implemented the five administrative orders pertaining to student-Plaintiffs A.C., K.T., M.B. and Z.K., respectively. *See* ECF No. 50.

**WHEREAS,** on October 26, 2022, January 20, 2023 and January 24, 2023, Plaintiffs submitted documentation in support of the claim for reimbursement of tuition and transportation

expenses incurred in connection with student-Plaintiff L.S.'s unilateral placement at iBrain during the 2018-2019 school year. *See* ECF Nos. 50, 55.

**WHEREAS,** by February 3, 2023, DOE remitted reimbursement for the tuition and transportation expenses incurred in connection with student-Plaintiff L.S.'s unilateral placement at iBrain during the 2018-2019 school year. *See* ECF No. 55.

**WHEREAS,** on March 24, 2023, Plaintiffs filed a Partial Motion for Summary Judgment (the "Partial Motion") seeking reimbursement from the DOE for certain debts Plaintiff Abundio Sanchez allegedly incurred pursuant to two alleged loan agreements with Good Deeds Fund Inc. (the "GDF Balances") that Plaintiff Abundio Sanchez allegedly entered into in order to secure the funds allegedly used to pay the tuition and transportation expenses incurred in connection with student-Plaintiff L.S.'s unilateral placement at iBrain during the 2018-2019 school year (ECF Nos. 63-65); on May 30, 2023, Defendants filed their Opposition to Plaintiffs' Partial Motion (ECF Nos. 78-79; 81); and, on June 12, 2023, Plaintiffs filed their Reply to Defendants' Opposition (ECF No. 85).

**WHEREAS,** on December 20, 2023, the Court issued a Memorandum Opinion and Order denying Plaintiffs' Partial Motion (ECF No. 90; the "Memorandum Opinion").



**WHEREAS,** on ~~December 21,~~ December 20, 2023, the Court directed the parties to advise the Court of any issues in the litigation that remained pending (ECF No. 91).

**WHEREAS,** on January 5, 2024, the parties informed the Court that Plaintiffs would likely submit an application for attorneys' fees and make a motion for reconsideration of the Memorandum Opinion (ECF No. 92).

**WHEREAS,** on January 17, 2024, Plaintiffs filed a Motion for Reconsideration of the Memorandum Opinion pursuant to Local Civil Rule 6.3 and Federal Rules of Civil Procedure 59(e)

and 60(b) (ECF Nos. 93-94); on February 2, 2024, Defendants filed their Opposition to Plaintiffs' Motion for Reconsideration (ECF No. 97); and, on February 9, 2024, Plaintiffs filed their Reply to Defendants' Opposition (ECF No. 98).

**WHEREAS,** on March 12, 2024, the Court denied Plaintiffs' Motion for Reconsideration and directed Defendants to submit a proposed judgment and Plaintiffs to submit objections to the proposed judgment and/or a counter-proposed judgment permitting Plaintiffs to submit an application for attorneys' fees following the entry of judgment (ECF No. 93).

Accordingly, **IT IS HEREBY ORDERED, ADJUDGED, and DECREED** that, for the reasons stated in the Court's Memorandum Opinion, Plaintiffs' claim for payment of the GDF Balances is DENIED.

**IT IS FURTHER ORDERED, ADJUDGED, and DECREED** That Plaintiffs' remaining claims, exclusive of Plaintiffs' claims for attorneys' fees, are DISMISSED as moot. Plaintiffs are to submit any motion for attorneys' fees, along with a Bill of Costs, within thirty days of the entry of the final Judgment.

The Clerk of the Court is directed to enter Judgment as set forth above and close this case consistent herewith.

Dated: March 29, 2024
New York, New York

John G. Koeltl
United States District Judge

*The Clerk is directed to close this case.*
*So ordered*
*3/29/24 J.G.Koeltl U.S.D.J.*

- 3 -